## In re VICTOR.

### WALRUS MFG. CO. v. VICTOR.
### No. 5101.

Circuit Court of Appeals, Seventh Circuit.

May 3, 1934.

Albert G. Webber, Jr., of Decatur, Ill., for appellant.

Edward Pree and George E. Drach, both of Springfield, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

On April 19, 1933, appellee filed a petition for an extension under the provisions of section 74 of the Bankruptcy Act as amended March 3, 1933 (11 USCA § 202). In the course of that proceeding, on April 22, the court entered an order enjoining ap-

pellant from interfering with certain articles of personal property specified in appellee's petition. The record is silent as to whether or not appellant had started or even contemplated any proceedings involving the property in question. On May 12, 1933, appellant filed a petition for reclamation of the property involved in the injunction order. This petition set out the fact that the property in question had been delivered to the appellee under the provisions of a certain conditional sales contract which is set out in full in the record before this court, and which contains the usual provisions for deferred payments, to be made in certain instalments due at certain specified times, and for the reservation of title in the vendor until such payments were made in full, and for the right to declare the acceleration of maturity and repossess upon any default. The reclamation petition also set out the fact that at the time of the filing of the petition for an extension, April 19, and of the issuing of the injunction order, April 22, two monthly instalments, due February 25 and March 25, had been in default, and there remained due on the purchase price of $2,303.30, a balance of $1,366.30. Appellant therefore asked that the injunction order previously entered on April 22, and which it claimed had been entered without any notice to it and without its being heard, be set aside, and that it be allowed to reclaim and repossess the goods and chattels referred to in the contract. To this petition appellee demurred, whereupon appellant filed additional grounds in support of its motion and petition, claiming that section 74 of the Bankruptcy Act under which appellee had proceeded was unconstitutional. The court sustained appellee's demurrer, stating in its order that it was dismissing appellant's petition, the petitioner in open court having elected to abide by its petition and declined to amend it or otherwise plead over.

■ In its brief, and before this court, appellant stated that it was relying solely on the unconstitutionality of section 74 of the Bankruptcy Act, and that the effect of the errors assigned by it was to assert that that act violated Amendment V of the Constitution, and was not within the grant of power in article 1, section 8 of the Constitution. In thus confining its specification of contested issues to the single one of the unconstitutionality of the act, it has waived the others of its assignments of error.

■ For the above reason, this court will not go into the question as to whether or not

938

a conditional vendee in default has such rights in the subject matter of the conditional sales contract as will entitle him to retain his possession under the protection of the federal court under an extension by virtue of section 74 of the Bankruptcy Act, but affirms the decree of the District Court solely on the ground of the constitutionality of section 74, on the authority of In re Landquist (Hardenbrook v. Landquist), 70 F.(2d) 929, decided by this court at this session.

Decree affirmed.